## Johnson, Appellant, v. Western New York & Pennsylvania Railway Company.

*Negligence—Master and servant—Fellow servant.*

An employee of a telegraph company who is placed in charge of a gang of men employed by a railroad company, and who directs them in the construction of a line of telegraph, is a fellow servant of the men under his charge, and the railroad company is not liable for an injury to a workman caused by his negligence.

Argued May 7, 1901. Appeal, No. 152, Jan. T., 1901, by plaintiff, from judgment of C. P. Warren Co., Dec. T., 1899, No. 26, on verdict for defendant in case of Gus Johnson v. The Western New York & Pennsylvania Railway Company. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ. Affirmed.

Trespass for personal injuries. Before Lindsey, P. J.

At the trial it appeared that plaintiff who was employed by the defendant as a common laborer was injured on September 20, 1898, while engaged in repairing telegraph lines along the defendant's right of way. At the time of the accident the plaintiff and other workmen were under the directions and order of John Clune, who was employed by the Western Union Telegraph Company. The telegraph company owned the wires along the defendant's right of way, but they were used by the defendant under a contract between the two companies. Clune's negligence, which caused the accident consisted in ordering the men to place a hand-car on the track on a foggy morning with-

out making any inquiry as to the movement of trains. The hand-car collided with a train and plaintiff was injured. The court charged that Clune was a fellow workman of the plaintiff, and that the defendant was not liable for his negligence.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in directing judgment for defendant.

*H. J. Muse,* for appellant.

*J. Ross Thompson & Son* and *O. C. Allen & Sons,* for appellee, were not heard.

PER CURIAM, July 17, 1901:

In the case at bar the court below directed the jury to render a verdict for the defendants. Thereupon the plaintiff appeals to this court where he filed six assignments of error on which he sought to obtain a reversal. A careful consideration of the assignment resulted in the conclusion that the case was correctly disposed of by the court below, and that there was nothing in the assignments which warranted a modification or change of the verdict or judgment. The assignments are dismissed and the judgment is affirmed.